IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KENNETH J. DANIEL                                                                        PLAINTIFF

v.                      CIVIL NO.04-5267

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                          DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Kenneth J. Daniel brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on November 21, 2002, alleging an inability to work since August 2, 2000, due to chronic liver disease, hepatitis C and cirrhosis of the liver. (Tr. 85-87, 209-211). An administrative hearing was held on January 12, 2004. (Tr. 23-54). Plaintiff was present and represented by counsel.

By written decision dated April 27, 2004, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 18). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P,

Regulation No. 4. (Tr. 18). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of medium work. (Tr. 18). With the help of vocational expert testimony, the ALJ found plaintiff could perform his past relevant work as a truck driver. (Tr. 18).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on August 27, 2004. (Tr. 2-4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 7,8).

**Evidence Presented:**

At the time of the administrative hearing plaintiff was forty-seven years of age and had obtained a ninth grade education. (Tr. 29-30). Plaintiff is also a certified truck driver and maintains a current commercial drivers license. (Tr. 30). Plaintiff testified his past relevant work consisted of working as a truck driver and a carpet and hardwood installer. (Tr. 30-31). At the time of the hearing, plaintiff reported that he continued to install flooring about three to five days a month when he could. (Tr. 31, 34-35). However, after working for a few days, plaintiff testified that he would spend the next week in bed.

Plaintiff testified that he had not seen a medical professional since he was examined by Dr. Mullins and that he had not been given any medication to treat his condition. (Tr. 32, 36, 39). Plaintiff testified that he takes Ibuprofen for his fevers. (Tr. 39).

AO72A
(Rev. 8/82)

When asked to describe his symptoms, plaintiff testified he experiences "a lot of fever, a lot of abdominal pains and dizziness." (Tr. 40). Plaintiff testified that all he wanted to do was sleep and that he was not able to "get motivated." Plaintiff testified he also has problems breathing when he bends over. He explained this was caused by his swollen liver pressing up against his lungs. (Tr. 41).

With regard to his daily activities, plaintiff testified that he wakes up in the morning, has a cup of coffee and then goes to visit his mother next door. (Tr. 42). If he is feeling up to it, plaintiff testified that he does some work around the yard and the garage. (Tr. 42-43).

Ms. Sandra G. Malone, plaintiff's friend, testified plaintiff tires after working about thirty minutes. (Tr. 43). She also described plaintiff's daily activities and noted that he is sometimes down for two to three weeks at a time. (Tr. 46). She testified that she helps to wash plaintiff's lower body because bending over causes him pain.

Ms. Tanya Owens, a vocational expert, testified plaintiff's past relevant work consisted of work as a truck driver which is considered medium, semi-skilled work; and a carpet and hardwood floor installer which is considered medium to heavy work. (Tr. 50). After listening to the ALJ's hypothetical question, Ms. Owen testified that the hypothetical person would be able to perform his past work as a truck driver. (Tr. 52).

The pertinent medical evidence in this case reflects the following. On July 31, 2000, plaintiff complained of a knot in his upper abdomen and left elbow pain. (Tr. 188). Plaintiff reported noticing the knot a year ago. Plaintiff also reported experiencing heart burn for years and daily low grade fevers. Plaintiff was started on Celebrex for his elbow pain and scheduled to undergo an x-ray. Plaintiff was also to undergo a CT scan of the abdomen.

3

On August 2, 2000, plaintiff underwent a CT scan of the abdomen which was negative. (Tr. 180-181).

On August 8, 2000, plaintiff complained of left elbow pain and was diagnosed with tendonitis. (Tr. 186-187). He was instructed to wear an elbow brace for two weeks.

On August 14, 2000, a liver biopsy showed micronodular cirrhosis with fatty changes and moderate inflammatory activity. (Tr. 182).

On August 21, 2000, records from the Saint Francis House indicated plaintiff had nodules in the right upper quadrant/epigastric area of his abdomen and cirrhosis of the liver. (Tr. 183-184). The examining physician ordered tests and advised plaintiff to avoid Tylenol and ethyl alcohol. (Tr. 184). Plaintiff was given the number to a gastroenterologist and he indicated he would make his own appointment when he was "financially able."

On February 5, 2003, plaintiff underwent a general physical examination performed by Dr. Neil Mullins. (Tr. 190-196). Dr. Mullins noted plaintiff had a history of cirrhosis of the liver and Hepatitis C; that plaintiff's liver was enlarged; and that plaintiff took Ibuprofen. Dr. Mullins noted plaintiff had a full range of motion of his cervical and lumbar spine and upper and lower extremities; that his gait and coordination were normal; that he could hold a pen and write, touch his fingertips to his palms, oppose his thumbs to his fingers, pick up a coin, stand and walk without assistive devices, walk on his heels and toes, and squat and arise from a squatting position; and that his grip strength was one hundred percent. Dr. Mullins noted laboratory testing revealed that two of plaintiff's hepatic functions were elevated. Dr. Mullins opined plaintiff was not limited in his ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak.

AO72A
(Rev. 8/82)

On February 14, 2003, Dr. R.W. Beard, a non-examining, medical consultant, completed a RFC assessment stating that plaintiff, could occasionally lift or carry fifty pounds, frequently lift or carry twenty-five pounds; could stand and/or walk about six hours in an eight-hour workday; could sit about six hours in an eight-hour workday; could push or pull unlimited, other than as shown for lift and/or carry; and that no postural, manipulative, visual, communicative or environmental limitations were evident. (Tr. 200-206).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v.*

*Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

We first address the ALJ's assessment of plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. *See Polaski v.*

6

*Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*. As the United States Court of Appeals for the Eighth Circuit recently observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir.2003).

After reviewing the record, we believe that the ALJ adequately evaluated the factors set forth in *Polaski*, and conclude there is substantial evidence supporting his determination that plaintiff's complaints were not fully credible.[1] The testimony presented at the hearing as well as the medical evidence contained in the record are inconsistent with plaintiff's allegations of disability.

Plaintiff alleges disabling liver disease and cirrhosis of the liver. The medical evidence shows plaintiff underwent a liver biopsy which revealed micronodular cirrhosis with fatty changes and moderate inflammatory activity. However, the record reveals plaintiff has not sought ongoing and consistent treatment for the problems and symptoms associated with liver disease. *See Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment inconsistent with allegations of pain); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment). Plaintiff has also been diagnosed with

---

[1] While the ALJ did not cite to *Polaski*, he did cite to the SSR 96-7p which includes the factors expressed in *Polaski*. The ALJ need not methodically discuss each *Polaksi* factor, however, as long as the factors are acknowledged and examined. *See Lowe v. Apfel,* 226 F.3d 969, 972 (8th Cir.2000).

Hepatitis C, but there is no evidence indicating he sought on-going treatment for problems, including fatigue, associated with this disease during the relevant time period. *Id.*

Plaintiff alleges that he did not seek consistent and on-going treatment for his impairments because of financial constraints. *See Clark v. Shalala*, 28 F.3d 828, 831 n.4 (8th Cir. 1994); *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992). A review of the record reveals plaintiff had sought treatment from St. Francis House, a free or low cost clinic, which indicates plaintiff was aware that some free or low cost treatment help was available. There is no indication that plaintiff was instructed not to return to St. Francis House for treatment or that he had been denied treatment at any of the free or low cost clinics. Further, the record reveals plaintiff had the finances to continue to smoke. (Tr. 37).

With regard to plaintiff's medication, the ALJ noted plaintiff was not taking prescription medication to treat his impairments and that plaintiff only took over-the-counter medication to treat his fever. *See Rankin v. Apfel*, 195 F.3d 427, 429 (8th Cir. 1999) (infrequent use of prescription drugs supports discrediting complaints). There is no indication plaintiff complained of side effects caused by taking the over-the-counter medication.

Plaintiff's subjective complaints are also inconsistent with evidence regarding his daily activities. In a Supplemental Interview Outline dated June 13, 2003, plaintiff indicated that he was able to shave but needed help bathing and dressing; that he was able to do some household chores including doing laundry, washing dishes, changing sheets, taking out the trash, mowing the lawn and raking leaves; that he was able to shop for groceries and go to the bank and Post Office; that he was able to prepare simple meals, pay bills, and drive some; and that he was able to watch television and listen to the radio. (Tr. 167-168). He also indicated that when he was

feeling good he would fish and tinker. At the hearing, plaintiff testified that he visited his mother, who lived next door, and that he would sometimes work in his yard or garage. Plaintiff testified that he also continued to install carpet three to five days a month but indicated he would be in bed for about a week after performing these tasks. This level of activity belies plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a plaintiff's subjective allegations of disabling pain prior to her date last insured. See *Cruze v. Chater,* 85 F.3d 1320, 1324 (8th Cir.1996) (mowed lawn, shopped, odds jobs and visits town); *See Hutton v. Apfel*, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability); *See Polaski* at 1322.

Further, the ALJ also considered the testimony of plaintiff's friend. As the testimony of family members and friends need only be given consideration and need not be considered credible, the ALJ properly discredited the testimony of the witness. *Lawrence v. Chater*, 107 F.3d 674, 677 (8th Cir. 1997).

Therefore, although it is clear that plaintiff's abilities are limited, he has not established that he is unable to engage in any gainful activity. Neither the medical evidence nor the reports concerning his daily activities support plaintiff's contention of total disability. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that plaintiff's subjective complaints were not totally credible.

We will next discuss the ALJ's RFC determination. It is well settled that the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all

9

relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined plaintiff retained the RFC to perform a full range of medium work. Plaintiff's capacity to perform this level of work is further supported by the fact that plaintiff's examining physicians placed no restrictions on his activities. *See Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). Therefore, based on all of the evidence contained in the file, we find substantial evidence supporting his RFC determination.

Next, we look to the ALJ's determination that plaintiff could perform substantial gainful employment within the national economy. We find that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. *See Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997); *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). Accordingly, we find that the vocational

AO72A
(Rev. 8/82)

expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that plaintiff is not disabled as he is able to perform his past relevant work as a truck driver. *See Pickney*, 96 F.3d at 296 (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

Finally, we reject plaintiff's contention that the ALJ failed to fully and fairly develop the record. While an ALJ is required to develop the record fully and fairly even when a claimant has an attorney, *See Freeman v. Apfel,* 208 F.3d 687, 692 (8th Cir.2000) (ALJ only must order consultative examination when it is necessary for an informed decision), the record before the ALJ contained treatment notes and the assessment of Dr. Mullins who noted test result indicating plaintiff's Albumin and Bilirubin levels were within normal limits. *See Strongson v. Barnhart,* 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

## **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

DATED this 16th day of November 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

AO72A
(Rev. 8/82)